**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION**

| | |
|---|---|
| Jill Currie,<br><br>              Plaintiff,<br>vs.<br><br>Guthrie County State Bank,<br><br>              Defendant. | **Civil Action No.**<br><br><br><br>**COMPLAINT AND JURY TRIAL DEMANDED** |

COMES NOW the Plaintiff, Jill Currie (hereinafter "Plaintiff"), and for her Complaint against the Defendant, Guthrie County State Bank, (hereinafter "Defendant Guthrie" or "Guthrie") state as follows:

## I.     INTRODUCTION

1. Plaintiff brings this Complaint for damages against Defendant Guthrie for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. (hereinafter "FCRA"), which prohibits unfair credit reporting methods.

## II.     JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, and 28 U.S.C. § 1331. The Court further has jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a) as the claims arise out of a common nucleus of operative fact.

3. Venue in this District is proper under 28 U.S.C § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in Lucas County, Iowa.

## III.     PARTIES

5. Plaintiff is a natural person residing in Lucas County, Iowa and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant Guthrie is a business principally located in Iowa who is a "person" as that term is defined by 15 U.S.C. § 1681a(b). Defendant is located at 413 State Street, Guthrie Center, Iowa 50115.

7. Defendant Guthrie is a "furnisher" of credit information as that term is used in 15 U.S.C. § 1681s-2(b).

## IV.   FACTUAL ALLEGATIONS

8. In January of 2006, Plaintiff incurred a debt (hereinafter "debt") with Guthrie County State Bank.

9. On September 26, 2007 Plaintiff filed for bankruptcy relief in the Bankruptcy Court for the Southern District of Iowa, Case No. 07-03256-lmj7.

10. Plaintiff properly listed Defendant Guthrie as a creditor in her Bankruptcy Petition.

11. On September 28, 2007, a Notice of Chapter 7 Bankruptcy Case (hereinafter "notice), Meeting of Creditors, & Deadlines was sent out to all creditors listed in the Plaintiff's Bankruptcy Petition.

12. Defendant Guthrie received said notice.

13. On December 27, 2007, the Bankruptcy Court for the Southern District of Iowa entered a discharge order which eliminated Plaintiff's liability for the debt owed to Defendant Guthrie.

14. A court document entitled; "Discharge of Debtor" was sent to Defendant Guthrie on December 29, 2007.

15. After Plaintiff's liability to her debt was discharged, Defendant Guthrie, on more than one occasion, inaccurately reported to the credit reporting agency, Equifax Information Services, LLC (hereinafter "Equifax"), that Plaintiff remained liable for the debt.

16. Based on information and belief, on or about January 2015 Defendant Guthrie actively reported to Equifax the status of the debt as charged off rather than accurately reporting that the debt had been discharged in Plaintiff's bankruptcy proceeding in 2007.

17. Plaintiff has on numerous occasions personally tried, to no avail, to persuade Defendant Guthrie to correctly report the status of the debt to Equifax.

18. Defendant Guthrie has repeatedly not complied with Plaintiff's request to correctly report the status of the debt to Equifax and has specifically stated that it had no intent to comply with Plaintiff's multiple requests to properly report the data to Equifax regarding the tradeline.

19. Pursuant to 15 U.S.C. § 1681s-2(a)(1)(A), Defendant Guthrie was prohibited from furnishing information to Equifax relating to Plaintiff since it knew or had reasonable cause to believe that the information was inaccurate.

20. Pursuant to 15 U.S.C. § 1681s-2(a)(1)(B), Defendant Guthrie was prohibited from furnishing information to Equifax since Plaintiff Currie had provided

notice to the Defendant that the information was inaccurate and the information was, in fact, inaccurate.

21. Pursuant to 15 U.S.C. § 1681s-2(a)(1)(D), "reasonable cause to believe that the information is inaccurate" means having specific knowledge, other than sole allegations by the consumers, that would cause a reasonable person to have substantial doubts about the accuracy of the information.

22. Pursuant to 15 U.S.C. § 1681s-2(a)(2), a person who regularly and in the ordinary course of business furnishes information to any consumer reporting agency about the person's transactions or experiences with any consumer and, further, has furnished information to a consumer reporting agency that the person determines to be incomplete or inaccurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains incomplete or inaccurate.

23. Pursuant to 15 U.S.C. § 1681s-2(a)(3), if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

24. Based on Defendant Guthrie's lack of cooperation or willingness to correct its error with respect to reporting credit information, on June 8, 2020 Plaintiff sent by certified mail, return receipt requested, a dispute letter to Equifax pursuant to 15 U.S.C. § 1681i (hereinafter "dispute letter"). A copy of said Dispute letter is attached hereto as <u>Exhibit A</u>.

25. In the dispute letter, Plaintiff requested Equifax reinvestigate inaccurate information contained within her credit report relating to the debt to Defendant Guthrie. Plaintiff notified Equifax, "…[t]he credit report indicates the above account is current, charged off, and closed." The Plaintiff further explained that based on her previously filed bankruptcy the information was inaccurate and obsolete.

26. Based on information and belief, Equifax contacted Defendant Guthrie for the purpose of investigating Plaintiff's dispute.

27. Based on information and belief, after receiving notice from Equifax of Plaintiff's dispute, Defendant Guthrie inaccurately reported to Equifax that the information on the disputed tradeline was reported correctly.

28. In a letter dated June 13, 2020, Equifax replied to Plaintiff's dispute indicating that the results of its reinvestigation of her dispute she had filed with Equifax was complete and that Equifax had requested that the reporting company (Defendant Guthrie) verify the accuracy of the information disputed.

29. In addition, Equifax stated it had provided Defendant Guthrie with any relevant information and supporting documentation needed to be considered as a part of their investigation.

30. Further, Equifax requested from Defendant Guthrie, a response to the dispute and updated records, as necessary.

31. Finally, Equifax reported that Defendant Guthrie had verified that the current status was being reported correctly and that the only modification was to the section entitled, "Account History" which now inaccurately reflects late payments from October of 2013 to December 2014. A copy of said response from Equifax is attached hereto as Exhibit B.

32. It was impossible and unreasonable to believe the updated information Defendant Guthrie provided to Equifax could ever have been accurate due to the claim that the debt was owed and late subsequent to the debt being discharged in Plaintiff's previous bankruptcy.

33. Defendant Guthrie's representations to Equifax in the reinvestigation process were false and misrepresented Plaintiff's credit information and the status of the debt.

34. In the alternative, Defendant Guthrie failed to conduct a reasonable investigation.

35. As a result of Defendant Guthrie's conduct, action and inaction, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from

credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

36. Based on information and belief, because of Defendant Guthrie's failure to report the debt accurately to Equifax, Plaintiff has suffered an extreme reduction to her credit score, resulting in the inability to receive a home loan.

37. Defendant Guthrie's conduct was the direct and/or proximate cause of Plaintiff's damages.

## COUNT I.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681 et. seq.

38. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

39. After receiving notice from Equifax pursuant to 15 U.S.C. § 1681i(a)(2) of Plaintiff's dispute regarding the completeness or accuracy of information provided by Defendant Guthrie, Defendant Guthrie violated 15 U.S.C. § 1681s-2(b) by:

   a. Failing to conduct a reasonable investigation with respect to the disputed information;

   b. Failing to review all relevant information provided by Equifax;

   c. Failing to report accurate and complete information based on its reinvestigation to Equifax;

   d. Failing to accurately modify the information originally reported to Equifax;

    e. Failing to delete the inaccurate information reported to Equifax; and

    f. Failing to permanently block the reporting of the inaccurate information to Equifax and other consumer reporting agencies.

40. As a result of Defendant Guthrie's violations of the FCRA, Plaintiff has suffered actual damages including, but not limited to, out-of-pocket expenses, detriment to her credit rating, denial of credit, emotional distress, and mental anguish in an amount to be determined at trial.

41. Defendant Guthrie's violations of the FCRA are the direct and proximate cause of Plaintiff's damages.

42. Defendant Guthrie's conduct, actions, and inactions were willful, rendering it liable for damages in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n.

43. Alternatively, Defendant Guthrie's violations were negligent, rendering it liable for damages under 15 U.S.C. § 1681o.

44. Plaintiff is entitled to recover actual damages, punitive damages, costs, and attorney's fees from Defendant Guthrie in an amount to be determined by the Court, pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT II.

### PLAINTIFF'S SECOND CLAIM FOR RELIEF: CREDIT DEFAMATION

45. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

46. Defendant Guthrie maliciously communicated false and derogatory information about Plaintiff when it knew or should have known Plaintiff was not personally liable for the debt and did not owe the debt.

47. Defendant Guthrie's acts and omissions of communicating false information resulted in defamation of Plaintiff and harmed Plaintiff's credit score and credit profile.

48. Defendant Guthrie's acts and omissions of communicating false information were the type that would and/or did deter third persons from associating or dealing with Plaintiff.

49. Defendant Guthrie's acts and omissions of communicating false information were the type that would injure Plaintiff's character, or subject her to ridicule, contempt, distrust, or would degrade her in the eyes of another.

50. Defendant Guthrie's acts and omissions of communicating false information is the direct and proximate cause of Plaintiff's damages.

51. Plaintiff has suffered damages including, but not limited to, emotional distress, mental anguish, anxiety, denial of credit, embarrassment, injury of character, and ridicule.

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant Guthrie for the following:

A. For an award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1) against Defendant Guthrie;

B. For an award of punitive damages and/or statutory damages in an amount allowed by the Court pursuant to 15 U.S.C. § 1681n(a)(2) against Defendant Guthrie;

C. For an award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2) against Defendant Guthrie;

D. For judgment against Defendant Guthrie for an award of actual damages, costs and attorneys' fees for Defendant Guthrie's credit defamation; and

E. For such other and further relief as may be just and proper.

## JURY DEMAND

The Plaintiff respectfully request a trial by jury.

Dated this 24th day of November, 2020.

Respectfully submitted,

  /s/ Samuel Z. Marks

Samuel Z. Marks IS9998821
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
Telephone : (515) 276-7211
Facsimile : (515) 276-6280
sam@markslawdm.com

Thomas J. Lyons, Jr., Esq.
MN Attorney I.D. #: 0249646
Consumer Justice Center P.A.
367 Commerce Ct.
Vadnais Heights, MN 55127
Telephone: (651)770-9707
Facsimile: (651)704-0907

Email: tommy@consumerjusticecenter.com
(To Be *Admitted Pro Hac Vice*)

ATTORNEYS FOR PLAINTIFF